UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

FEDERAL TRADE COMMISSION,

                Plaintiff,

                                                    Case No. 8:08-cv-914-T-27 MSS

        v.

INTEGRITY FINANCIAL
ENTERPRISES, LLC, a limited liability
company, also d/b/a INFINITE FINANCIAL
and NATIONAL BENEFIT EXCHANGE,

NATIONAL BENEFIT EXCHANGE,
INC., a corporation, and

ROBERT JAMES FISCHBACH,
individually and as an officer of INTEGRITY
FINANCIAL ENTERPRISES, LLC and
NATIONAL BENEFIT EXCHANGE, INC.,

                Defendants.

---

## STIPULATED FINAL JUDGMENT AND ORDER FOR PERMANENT INJUNCTION AGAINST ROBERT JAMES FISCHBACH

On May 13, 2008, Plaintiff, the Federal Trade Commission ("FTC" or

"Commission"), filed its Complaint for permanent injunction, restitution, disgorgement,

and other equitable relief pursuant to Sections 13(b) and 19 of the Federal Trade

Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and the Telemarketing and

Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101 *et seq.*, charging the Defendants Integrity Financial Enterprises, LLC, also d/b/a "Infinite Financial" and "National Benefit Exchange," National Benefit Exchange, Inc., and Robert James Fischbach with deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the Commission's Trade Regulation Rule entitled "Telemarketing Sales Rule," 16 C.F.R. Part 310.

Plaintiff FTC and Defendant Robert James Fischbach have agreed to the entry by this Court of this Stipulated Final Judgment and Order for Permanent Injunction ("Order") to resolve all matters of dispute between them in this action.

**NOW, THEREFORE,** Plaintiff FTC and Defendant Robert James Fischbach ("Defendant Fischbach") having requested the Court to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

### FINDINGS

1.    This action by the Commission is instituted under Sections 13(b) and 19 of the
      FTC Act, 15 U.S.C. §§ 53(b) and 57b, the Telemarketing Act, 15 U.S.C. § 6101
      *et seq*, and the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310.
      Pursuant to these statutes and regulations, the Commission has the authority to
      seek the relief contained herein.

2.    This Court has jurisdiction over the subject matter and the parties.

3.    Venue in the United States District Court for the Middle District of Florida is
      proper as to all parties.

4.  The Complaint states a claim upon which relief may be granted under Sections
    5(a), 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45(a), 53(b) and 57b, the
    Telemarketing Act, 15 U.S.C. § 6101, *et seq.*, and the TSR, 16 C.F.R. Part 310.

5.  The activities of the Defendants are or were in or affecting commerce, as defined
    in Section 4 of the FTC Act, 15 U.S.C. § 44.

6.  Defendant Fischbach has waived any and all rights that may arise under the Equal
    Access to Justice Act, 28 U.S.C. § 2412, *amended by* Pub. L. 104-121, 110 Stat.
    847, 863-64 (1996).

7.  This Order is in addition to, and not in lieu of, any other civil or criminal
    remedies that may be provided by law.

8.  Plaintiff and Defendant Fischbach waive all rights to seek appellate review or
    otherwise challenge or contest the validity of this Order. Defendant Fischbach
    further waives and releases any claim he may have against the Commission, its
    employees, agents, and representatives.

9.  Entry of this Order is in the public interest.

10. This Order is for settlement purposes only, and does not constitute and shall not
    be interpreted to constitute an admission by Defendant Fischbach or a finding that
    the law has been violated as alleged in the Complaint, or that the facts alleged in
    the Complaint, other than jurisdictional facts, are true.

## DEFINITIONS

1.   **"Plaintiff," "Commission," or "FTC"** means the Federal Trade Commission.

2.   **"Individual Defendant"** means Robert James Fischbach.

3.   **"Corporate Defendants"** means Defendants Integrity Financial Enterprises,
      LLC, also d/b/a "Infinite Financial" and "National Benefit Exchange," and
      National Benefit Exchange Inc., and their successors and assigns.

4.   **"Defendants"** means the Individual Defendant and the Corporate Defendants,
      individually, collectively, or in any combination.

5.   **"Asset" or "assets"** means any legal or equitable interest in, right to, or claim to,
      any real and personal property, including, but not limited to, chattels, goods,
      instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or
      other deliveries, inventory, checks, notes, accounts, credits, receivables (as those
      terms are defined in the Uniform Commercial Code), and all cash, wherever
      located, and shall include both existing assets and assets acquired after the date of
      entry of this Order.

6.   **"Document"** is synonymous in meaning and equal in scope to the usage of the
      term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings,
      graphs, charts, photographs, audio and video recordings, computer records, and
      other data compilations from which information can be obtained and translated, if
      necessary, through detection devices into reasonably usable form.  A draft or non-
      identical copy is a separate document within the meaning of the term "document."

7.  **"Person"** means a natural person, an organization, or other legal entity, including, but not limited to, a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or other group or combination acting as an entity.

8.  The terms **"and"** and **"or"** shall be construed conjunctively or disjunctively as necessary, and to make the applicable phrase or sentence inclusive rather than exclusive.

9.  **"Telemarketing," "telemarketer," "seller,"** and **"material"** are defined as in Section 310.2 of the TSR, 16 C.F.R. Part 310.

## ORDER

## I.  PROHIBITED BUSINESS ACTIVITIES

**IT IS HEREBY ORDERED** that, in connection with the advertising, promoting, offering for sale, or sale of any product or service, the Individual Defendant, whether acting directly or through any trust, corporation, subsidiary, division, or other device, including, but not limited to, fictitious business names, and his officers, agents, employees, and corporations, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from:

A.  Misrepresenting, or assisting others in misrepresenting, expressly or by implication, that:

1. After a consumer pays a fee, Defendants will or are likely to provide the consumer with a general-purpose credit card, such as a MasterCard or Visa;

2. After a consumer pays a fee, consumers are likely or guaranteed to receive a general-purpose credit card, such as a MasterCard or Visa;

3. Consumers may cancel or change their order and avoid the debiting of their bank accounts; or

4. Consumers' cancellation requests will be honored;

B. Making or assisting others in making, expressly or by implication, any false or misleading statement or representation of material fact in connection with any offer of any good or service, including, but not limited to:

1. The total cost to purchase, receive, or use, and the quantity of, any goods or services that are subject to the sales offer;

2. Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services; or

3. Any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the goods or services;

C.    Violating, or assisting others in violating, any provision of the TSR, 16

C.F.R. Part 310, including, but not limited to:

    1.    Section 310.3(a)(2)(iii) of the TSR, 16 C.F.R. § 310.3(a)(2)(iii), by

misrepresenting, directly or by implication, any material aspect of

the performance, efficacy, nature, or central characteristics of any

product or service Defendants sell, including, but not limited to,

any false claim that a credit card is a general-purpose credit card;

    2.    Section 310.3(a)(2)(iv) by misrepresenting, directly or by

implication, any material aspect of the nature or terms of the

seller's refund, cancellation, exchange, or repurchase policies; and

    3.    Section 310.4(a)(4) of the TSR, 16 C.F.R. § 310.4(a)(4), by

requesting or receiving payment of a fee or consideration in

advance of consumers obtaining a credit card when the Defendants

have guaranteed or represented a high likelihood of success in

obtaining or arranging the acquisition of a credit card for such

consumers.

**II.    MONETARY JUDGMENT**

    **IT IS FURTHER ORDERED** that judgment is entered against the Individual

Defendant in the amount of $2,461,574 (Two Million Four Hundred Sixty One Thousand

Five Hundred Seventy Four Dollars). Based upon the sworn representations in the

financial statements and supporting documents submitted by the Defendants, full

payment for the foregoing amount is suspended except as follows:

A.      The financial institutions identified below shall transfer the balances in the

        Individual Defendant's frozen accounts identified below to the

        Commission by wire transfer in accordance with direction provided by the

        Commission:

        1.      Achieva Credit Union        Account ending in 27 S1

                                            Account ending in 27 S8

        2.      ScottTrade                  Account ending in 448;

B.      Any funds paid pursuant to this Section shall be deposited into a fund

        administered by the Commission or its agent to be used for equitable

        relief, including, but not limited to, redress of consumer injury and any

        attendant expenses for the administration of such equitable relief.  If the

        Commission determines, in its sole discretion, that direct redress of

        consumer injury is wholly or partially impracticable or funds remain after

        redress is completed, the Commission may apply any remaining funds for

        such other equitable relief (including consumer information remedies) as

        it determines to be reasonably related to Defendants' practices alleged in

        the Complaint.  Any funds not used for such equitable relief shall be

        deposited to the United States Treasury as disgorgement.  The Individual

Defendant shall have no right to challenge the Commission's choice of
remedies under this Subsection;

C.     The Commission's agreement to this Order is expressly premised upon the
truthfulness, accuracy and completeness of Defendants' sworn financial
statements and supporting documents submitted to the Commission,
namely the sworn financial statements of Defendants Integrity Financial
Enterprises, LLC and National Benefit Exchange, Inc., dated May 27,
2008, and of the Individual Defendant, dated May 27, 2008, and said
Defendants' federal and state tax returns, as well as all addenda thereto,
including, but not limited to, the accountant's financial statements for
Defendants Integrity Financial Enterprises, LLC and National Benefit
Exchange, Inc. prepared by Karin Rohret, and the declaration of Karin
Rohret executed on August 4, 2008 (collectively the "Financial
Statements"), all of which the Individual Defendant stipulates are truthful,
accurate, and complete.  The Individual Defendant and the Commission
stipulate that these Financial Statements provide the basis for the assets
listed in Subsection A of this Section and include material information
upon which the Commission relied in negotiating and agreeing to this
Order.  The Individual Defendant and the Commission stipulate that the
Commission has relied on the truthfulness, accuracy, and completeness of
these Financial Statements in agreeing to the terms of this Order and that

Page 9 of 24

the Commission would not have entered into this Order but for the

truthfulness, accuracy, and completeness of these Financial Statements;

D.    If, upon motion by the Commission, this Court finds that the Individual

Defendant has failed to disclose any material asset or materially misstated

the value of any asset in the Financial Statements or related documents

described above, or has made any other material misstatement or omission

in the Financial Statements or related documents described above, then this

Order shall be reopened and suspension of the judgment shall be lifted for

the purpose of requiring payment of monetary relief in the amount of Two

Million Four Hundred Sixty One Thousand Five Hundred Seventy Four

Dollars ($2,461,574), less the sum of any amounts paid to the Commission

pursuant to Subsection A of this Section, and Section II of the Default

Judgment and Order for Permanent Injunction and Monetary Relief

Against Defendants Integrity Financial Enterprises, LLC and National

Benefit Exchange, Inc. entered by this Court on October 20, 2008, or paid

by or on behalf of any Defendant. *Provided, however,* that in all other

respects this Order shall remain in full force and effect, unless otherwise

ordered by the Court;

E.    Upon such reinstatement of the monetary judgement, the Court shall make

an express determination that the monetary judgment shall be immediately

due and payable.  The Commission shall be entitled to interest on the

judgment, computed from the day of entry of this Order, at the rate prescribed by 18 U.S.C. § 1961, as amended, on any outstanding amounts not paid. The Commission shall be permitted to execute on the judgment immediately after the suspension is lifted and engage in discovery in aid of execution;

F.      The Individual Defendant relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. The Individual Defendant shall make no claim to or demand for the return of funds, directly or indirectly, through counsel or otherwise;

G.      The Individual Defendant agrees that the facts as alleged in the Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including but not limited to a nondischargeability complaint in any bankruptcy case. The Individual Defendant further stipulates and agrees that the facts alleged in the Complaint establish all elements necessary to sustain an action pursuant to, and that this Order shall have collateral estoppel effect for purposes of, Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A).

H.      Proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

including any other proceedings the Commission may initiate to enforce

this Order.

## III. TURNOVER OF ASSETS HELD BY THIRD PARTIES

**IT IS FURTHER ORDERED** that in order to partially satisfy the monetary

judgment set forth in Section II above, any law firm, financial or brokerage institution,

escrow agent, title company, commodity trading company, automated clearing house,

network transaction, business entity, or person served with a copy of this Order, that

holds, controls or maintains custody of any account or asset of, on behalf of, or for the

benefit of, the Individual Defendant, or has held, controlled, or maintained custody of any

account or asset of, or for the benefit of, the Individual Defendant, shall turn over such

asset or all funds in such account to the Commission, within ten (10) business days of

receiving notice of this Order by any means, including, but not limited to, via facsimile.

Such turnover or payment shall be made by the methods specified in Subsection II.A.

above.

## IV. LIFTING OF ASSET FREEZE

**IT IS FURTHER ORDERED** that the freeze against the Individual Defendant's

assets pursuant to Section II of the Preliminary Injunction Order entered by this Court on

May 28, 2008, shall be lifted as to the accounts identified in Section II.A for the sole

purpose of transferring funds pursuant to Sections II.A and III of this Order. Upon

transfer of all funds identified in Section II.A, the freeze against the Individual

Defendant's assets shall be dissolved. The freeze against the following accounts held by

Bank of America shall also be dissolved upon transfer of all funds identified in Section

II.A:

    1.     Premier General Finance, Inc.     Account ending in 0194

                                                          Account ending in 0204

    2.     Ten Million Records, LLC        Account ending in 3758.

*Provided, however,* the freeze against the Corporate Defendants' assets shall not

be dissolved by this Order.

## V.    PROHIBITION ON DISCLOSING CUSTOMER LISTS

       **IT IS FURTHER ORDERED** that the Individual Defendant, whether acting

directly or through any trust, corporation, subsidiary, division, or other device, including,

but not limited to, fictitious business names, and his agents, employees, and corporations,

and those persons in active concert or participation with him who receive actual notice of

this Order by personal service or otherwise, are hereby restrained and enjoined from:

    A.     Selling, renting, leasing, transferring, or otherwise disclosing the name,

             address, telephone number, Social Security number, credit card number,

             debit card number, bank account number, e-mail address, or other

             identifying information of any person who submitted such information to

             Defendants in connection with the activities alleged in the FTC's

             Complaint; and

    B.     Benefitting from or using the name, address, telephone number, Social

             Security number, credit card number, debit card number, bank account

number, e-mail address, or other identifying information of any person who submitted such information to Defendants in connection with the activities alleged in the FTC's Complaint.

*Provided, however,* that the Individual Defendant may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order. *Provided, further,* that the Individual Defendant shall turn over any electronic customer lists in his possession, custody, or control to the Commission for purposes of effectuating redress of consumer injury.

## VI.    COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of any Defendants' Financial Statements upon which the Commission's agreement to this Order is expressly premised:

A.    Within ten (10) days of receipt of written notice from a representative of the Commission, the Individual Defendant shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in the Individual Defendant's possession or direct or indirect control to inspect the business operation;

B.     In addition, the Commission is authorized to use all other lawful means, including but not limited to:

   1.     obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

   2.     posing as consumers and suppliers to the Individual Defendant, his employees, or any other entity managed or controlled in whole or in part by the Individual Defendant, without the necessity of identification or prior notice; and

C.     The Individual Defendant shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VII.    COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.    For a period of five (5) years from the date of entry of this Order,

1.    The Individual Defendant shall notify the Commission of the following:

a.    Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b.    Any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

c.    Any changes in his name or use of any aliases or fictitious names;

Page 16 of 24

2.    The Individual Defendant shall notify the Commission of any

changes in structure of any Corporate Defendant or any business

entity that he directly or indirectly controls, or has an ownership

interest in, that may affect compliance obligations arising under this

Order, including but not limited to: incorporation or other

organization; a dissolution, assignment, sale, merger, or other

action; the creation or dissolution of a subsidiary, parent, or affiliate

that engages in any acts or practices subject to this Order; or a

change in the business name or address, at least thirty (30) days

prior to such change, *provided* that, with respect to any proposed

change in the business entity about which the Individual Defendant

learns less than thirty (30) days prior to the date such action is to

take place, the Individual Defendant shall notify the Commission as

soon as is practicable after obtaining such knowledge.

B.    One hundred eighty (180) days after the date of entry of this Order and

annually thereafter for a period of five (5) years, the Individual Defendant

shall provide a written report to the FTC, which is true and accurate and

sworn to under penalty of perjury, setting forth in detail the manner and

form in which Defendants have complied and are complying with this

Order. This report shall include, but not be limited to:

1.    For the Individual Defendant:

a.    his then-current residence address, mailing addresses, and telephone numbers;

b.    his then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that he is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of his duties and responsibilities in connection with the business or employment; and

c.    Any other changes required to be reported under Subsection A of this Section.

2.    For all Defendants, the Individual Defendant shall provide:

a.    A copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

b.    Any other changes required to be reported under Subsection A of this Section.

C.    The Individual Defendant shall notify the Commission of the filing of a bankruptcy petition by any Defendant within fifteen (15) days of filing.

D.    For the purposes of this Order, the Individual Defendant shall, unless otherwise directed by the Commission's authorized representatives, send

Page 18 of 24

by overnight courier all reports and notifications required by this Order to

the Commission, to the following address:

> Associate Director for Enforcement
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W., Room NJ-2122
> Washington, DC 20580
> Re: FTC v. Integrity Financial Enterprises, LLC
> Civil Action No. 8:08-CV-914-T-27 MSS (M.D. Fla.)

*Provided*, that, in lieu of overnight courier, the Individual Defendant may send

such reports or notifications by first-class mail, but only if he contemporaneously

sends an electronic version of such report or notification to the Commission at:

DEBrief@ftc.gov.

E.      For purposes of the compliance reporting and monitoring required by this

Order, the Commission is authorized to communicate directly with the

Individual Defendant.

## VIII.   RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of

entry of this Order, the Individual Defendant, in connection with the marketing,

advertising, or promotion of any products or services, or where the Individual Defendant

is the majority owner or directly or indirectly controls or manages such a business, and his

agents, employees, corporations, and those persons in active concert or participation with

him who receive actual notice of this Order by personal service or otherwise, are hereby

restrained and enjoined from failing to create and/or retain the following records:

A.    Accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B.    Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C.    Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D.    Complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E.    Copies of all sales scripts, training materials, advertisements, or other marketing materials; and

F.    All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## IX.    DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, the Individual Defendant shall deliver copies of the Order as directed below:

A.    Individual Defendant as Control Person: For any business that the Individual Defendant controls, directly or indirectly, or in which he has a majority ownership interest, the Individual Defendant must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon the Individual Defendant. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B.    Individual Defendant as employee or non-control person: For any business where the Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order,

Page 21 of 24

the Individual Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C.    The Individual Defendant must secure a signed and dated statement acknowledging receipt of the Order, within thirty days of delivery, from all persons receiving a copy of the Order pursuant to this Section.

## X.    ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that the Individual Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

## XI.    COOPERATION WITH FTC COUNSEL

**IT IS FURTHER ORDERED** that the Individual Defendant shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Complaint, cooperate in good faith with the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of documents, and for such other matters as may be reasonably requested by the FTC.  If requested in writing by the FTC, the Individual Defendant shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## XII.   FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Order hereby agrees to bear its own costs and attorneys' fees incurred in connection with this action.

## XIII.   SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

## XIV.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

matter for purposes of construction, modification and enforcement of this Order.

**FOR DEFENDANT FISCHBACH**

*Robert Fischbach*
ROBERT JAMES FISCHBACH

DATED: 10/22/08

**FOR THE FEDERAL TRADE COMMISSION**

*Ann Weintraub  12/2/08*
ANN F. WEINTRAUB
ROBIN E. EICHEN
Federal Trade Commission, Northeast Region
One Bowling Green, Suite 318
New York, NY 10004
212-607-2829 (phone); 212-607-2822 (fax)

DONE AND ORDERED, _TAMPA_____, this _5th_ day of _December_, 2008, at _11:30 A._M.

*Whittemore*
JAMES D. WHITTEMORE
United States District Court Judge

Page 24 of 24